IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15-03027-01-CR-S-BP |
| JOSEPH ANTHONY SALSBERRY, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant Joseph Salsberry, along with three co-defendants, was indicted on charges related to drug distribution and the unlawful possession of firearms. (Doc. 1.) He filed a Motion to Suppress, (Doc. 124), contending that evidence seized during the search of a hotel room must be suppressed. The Honorable David P. Rush, United States Magistrate Judge for this District, held a hearing on December 19, 2016, and he issued a Report recommending that the Motion to Suppress be denied. (Doc. 168.) Defendant objects to Judge Rush's Report and Recommendation ("the Report"), contending that the warrant authorizing the search was not supported by probable cause. The Government has not responded to the Objection, and the time for doing so has passed. Local Rule 74.1(b)(2).

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the exhibits admitted during the hearing, and Defendant's objections. Having conducted this review, the Court adopts the Report as the Order of the Court and denies the Motion to Suppress; the Court's discussion is intended to augment, not supplant, the Report.

# I. BACKGROUND

In July 2014, Daniel Smithson, then a detective with the Branson Police Department, learned from a confidential informant ("CI") that Lucas Harper (a co-defendant in this case) was distributing methamphetamine in the Branson area. He began an investigation and learned that Harper had recently been released on parole for possessing controlled substances and a firearm and was living with another person (Kaitlin Kinkade) who was also involved with drugs. In August 2014, Kinckade was arrested for possessing a controlled substance. Thereafter, the CI told Detective Smithson that Harper was still distributing drugs.

On August 26, 2014, Harper rented a room at the Fall Creek Inn and Suites in Branson, Missouri. The next day a housekeeper went into Harper's room to clean it; she saw plastic baggies used for vacuum sealing food and a glass pipe that she recognized as being potentially used to smoke crack cocaine. (Doc. 165, pp. 7, 12-13.) She took a picture of the pipe with her phone, (Doc. 165, p. 15; Exhibit 2), and sent the picture to the hotel manager, who came and looked in the room. The manager saw the same items as the housekeeper, as well as a vacuum sealer. He took pictures of the baggies and the vacuum sealer. (Doc. 165, p. 22; Exhibit 3.). He then contacted a detective from the Forsyth Police Department, who arranged for Detective Smithson to contact the manager. The manager explained what happened and supplied Detective Smithson with the pictures taken by him and the housekeeper, as well as additional information about Harper. Detective Smithson also learned from Harper's parole officer that Harper had tested positive for marijuana and methamphetamine use during a scheduled visit approximately ten days before.

Detective Smithson prepared an affidavit to support an application for a search warrant. (Exhibit 18.) The relevant portions of the affidavit are set forth in the Report, (Doc. 168, pp. 3-

4), and need not be recited here. In summary, the affidavit describes the information provided by the CI, the information Detective Smithson gathered before talking to the hotel manager, a description of the pictures sent by the hotel manager, and the results of Harper's recent drug test.

Two statements in the affidavit are relevant to Defendant's Objection. First, the affidavit reports that the manager "stated there was a backpack and computer inside the room." At the suppression hearing the manager testified that he never saw a backpack or computer, (Doc. 165, p. 32), but Detective Smithson testified that the manager told him he saw a backpack and computer in the room. (Doc. 165, p. 60.) Second, the affidavit states that Detective Smithson received information that while he had been preparing the affidavit "Harper has been observed leaving and returning to the property on two occasions. The last time, Harper was observed carrying a backpack into the room which did not resemble the backpack observed by employees." At the hearing, Detective Smithson explained that this information was obtained from the hotel manager, who called a second time while Detective Smithson was preparing the affidavit. (Doc. 165, pp. 62-64.) The manager was not specifically asked about a second call to Detective Smithson, and the only thing he said about seeing Harper was that he had no information about Harper's comings and goings *prior* to going into the room in response to the housekeeper's communication. (Doc. 165, p. 34.)[1]

A state judge issued a warrant authorizing a search of the hotel room. Harper was not in the room when the warrant was executed; Defendant and Rachel Gilmore (another co-defendant) were in the room. Methamphetamine was observed in plain view, and a further search discovered, among other things, a handgun and ammunition, a digital scale with methamphetamine on it, cash, more methamphetamine, and plastic bags and wraps.

---

[1] For what it is worth, a black backpack was found when the premises were searched. (Doc. 165, p. 44.) No computer was found.

3

Defendant contended the evidence must be suppressed because the search warrant was not supported by probable cause.[2] The Report recommends that the Court conclude (1) the warrant was supported by probable cause and (2) even if it was not, the officers acted in good faith while relying on the warrant. As discussed below, the Court agrees with both recommendations.

## II. DISCUSSION[3]

"Issuance of a search warrant must be supported by probable cause, and the existence of probable cause depends on whether, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. We accord great deference to [the issuing judge's] determination as to whether an affidavit establishes probable cause. Instead of reviewing an affidavit in a hypertechnical fashion, courts should apply a common sense approach." *United States v. Rodriguez*, 711 F.3d 928, 936 (8th Cir.), *cert. denied*, 134 S. Ct. 715 (2013) (internal citations and quotations omitted); *see also United States v. Keele,* 589 F.3d 940, 943 (8th Cir. 2009).

Reading Detective Smithson's affidavit in this light, the Court concludes that probable cause was established. Arguably, the photo of the pipe and plastic bags, alone, provided a substantial basis to believe that there was evidence of a crime in the hotel room – namely, the crime of possessing illegal drugs. The other information Detective Smithson learned during his

---

[2] Defendant's suppression motion also contended that the information obtained from the hotel's housekeeper and manger could not be considered in evaluating probable cause because they were acting as agents of the Government when they went into the hotel room. The Report recommends rejecting this argument, and Defendant has not objected to this aspect of the Report. In fact, at the hearing Defendant conceded that the facts did not support his argument. (Doc. 165, pp. 72-73.) Therefore, the Court need not address this issue further.

[3] There is an unresolved issue as to whether Defendant had an expectation of privacy sufficient to permit him to raise a Fourth Amendment challenge. Defendant contends that the Report found he has standing to challenge the search, (Doc. 172, p. 2), but this is not correct. The Report assumed without deciding that Defendant had standing to challenge the warrant, (Doc. 168, p. 5 n.3), and the Court does the same.

investigation, when combined with the pipe, vacuum sealer and plastic bags, further substantiated the possibility that evidence of criminal activity would be found in the hotel room.

Defendant's objection focuses on the lack of any indication that the housekeeper or the manager actually saw drugs in the room, much less any evidence (other than the plastic bags and the vacuum sealer) of trafficking. Defendant also parses each piece of information about the hotel room to argue that individually each component is consistent with lawful activity. These perspectives are improper: the affidavit is to be evaluated in its entirety, and viewing the affidavit in its entirety demonstrates that the state judge was justified in concluding that probable cause existed. Finally, Defendant points to the lack of information establishing the CI's reliability and the discrepancies involving the backpack and computer. The CI's reliability is not a significant issue in light of the more probative information obtained from the housekeeper and the manager, who provided information establishing probable cause to believe that drug paraphernalia was actually in the hotel room. Similarly, the existence or non-existence of a backpack and computer would not have altered the probable cause determination. For these reasons, the Court concludes the affidavit contained probable cause sufficient to support the warrant.

Alternatively, suppression would not be warranted even if the affidavit failed to present probable cause because the search was executed in good faith reliance on a warrant. "Under the good-faith exception, evidence seized pursuant to a search warrant . . . that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). There good faith-exception does not apply if: (1) the supporting affidavit contained false statements that misled the issuing judge, (2) the probable cause showing was so deficient that reliance on the warrant was entirely unreasonable, (3) the issuing judge abandoned his judicial role, and (4) the

warrant itself was so facially deficient that no officer could reasonably rely on it. *Id.* at 431 (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). Defendant does not argue that the good-faith exception should not apply, and the Court's independent review has not revealed any basis for not applying it. Accordingly, the Court agrees with the Report's alternative recommendation that even if the affidavit lacked probable cause, the officers acted in good faith reliance on the warrant and the evidence should not be suppressed.

### III.  CONCLUSION

For these reasons, the Court **OVERRULES** Defendant's objections, (Doc. 172), **ADOPTS** Judge Rush's Report and Recommendation, (Doc. 168), and **DENIES** the Motion to Suppress. (Doc. 124.)

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: July _6__, 2017　　　　　　　　　　UNITED STATES DISTRICT COURT